JANE H. WILSON

*v.*

STEPHEN DOWSE.

*Filed at Ottawa January 18, 1892.*

1. EVIDENCE—*on bill for an account—statement by one party.* On bill for stating an account between a principal and agent, the former admitted that an account rendered by the latter showed a balance due to the defendant, but did not admit that such balance was correct, and the master to whom the case was referred, in his report, charged the defendant with the sum shown by his account to be due the complainant on a certain day, stating that such sum was admitted by both parties to be the proper balance on that day: *Held,* that such finding by the master was erroneous, the admission being that, only, of the defendant, which was not conclusive on the other party.

2. The fact that a defendant, on request, renders an account, whereby he admits that on a certain date he was indebted to the other party, who avails of the admission, is no ground why the defendant should not be chargeable with other items not included in his statement, if they are satisfactorily proved. By relying on the admissions of the defendant the complainant is not estopped from showing other proper charges against him.

APPEAL from the Appellate Court for the Second District ;— heard in that court on appeal from the Circuit Court of Will county ; the Hon. DORRANCE DIBELL, Judge, presiding.

Mr. JOHN C. PATTERSON, for the appellant.

Messrs. GARNSEY & KNOX, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was a bill by appellant, against appellee, for an account in certain transactions, wherein the latter acted as the agent of the former in loaning money and in collecting notes and accounts, etc. There was a decree in the circuit court for an account, and it was referred to the master in chancery to take the evidence and state and report the account. The master heard the evidence, and stated and reported the account, finding that appellant was indebted to appellee. Appellant filed exceptions to the report, but they were all disallowed except one, whereby the amount of the indebtedness from appellant to appellee was reduced to $203, for which amount he recommended that a decree be entered. The exceptions to the report were renewed in the circuit court, but that court overruled all of them, and decreed that appellant pay to appellee the sum of $203, so found to be due by the master's report, and that decree was affirmed on appeal to the Appellate Court for the Second District.

The master recites in his report, among other things, as follows: "I charge the defendant, Stephen Dowse, with the sum of $24.57, admitted by both to be the proper balance between the parties on August 12, 1887," etc. This is very clearly an error. Both parties did not admit that this balance of $24.57 was the proper balance between the parties on that date. What was admitted was simply that it was the balance as shown by the account submitted by appellee. The testimony of J. W. Dryenforth is, that at the instance of appellant, appellee submitted to her a statement of his account on the 12th of August, 1887, which, upon computation, showed that balance. It is true that appellant's counsel, in a communication written by him to the master in chancery after the evi-

dence was all in, in stating the credits to which only appellee was entitled, as they claimed, included this $24.57, but that was not all.   His entire claim was in that respect as follows:

"CHICAGO, *July 3, 1889.*
"*H. M. Snapp, Esq., Master in Chancery:*
   "DEAR SIR—I enclose exhibit 'B' to Dryenforth's deposition, just received from Mr. Knox.   The claim of complainant is as follows:

| | | |
|---|---|---:|
| Bal. due per ac. of August 12, '87 - - - - - | | $24.57 |
| Schell mtg. and int. July 31, '82 - - - - - - | | 540 00 |
| Endorsements on Johnson note, Dec. 13, '83 - - | | 116 00 |
| "     "     "     " Feb. 15, '85 - - | | 8 00 |
| "     "     "     " Aug. 14, '86 - - | | 8 00 |
| "     " Whelan " Aug. 22, '84 - - | | 8 00 |
| "     "     "     " Aug. 20, '84 - - | | 8 00 |
| Chg. for services which should be disallowed in view of Dowse's conduct in not accounting, (shown in account of Aug. 12, '87,) - - - - - - - - | | 240 00 |
| Interest on same at 6 per cent to date - - - - | | 301 35 |
| | | $1,253 92 |

"Yours resp'y                 JOHN C. PATTERSON."

And, on the contrary, evidence had been given tending to prove a large number of notes in the possession of appellee at the time he made this statement which were not included therein, and for which he should, if they were sufficiently proved, account to appellant.   The master in chancery seems himself not to have regarded this admission as conclusive as to, items not included therein, where the appellee admitted their existence and justness, for he allowed several items of account of a date prior to the date of this statement, and which were not included therein, as charges against appellee. But appellee's admission is only one mode of proving an item of account against him, and there can be no reason why he should not have been here held chargeable for other items not

included in this statement, if it was satisfactorily proved they were properly chargeable against appellee, whether appellee admitted them or not.

For the error in assuming that it was admitted that $24.57 was the proper balance between the parties on the 12th of August, 1887, when it was in fact only admitted that that was the balance shown by appellee's statement of items of that date, the decree of the circuit court and the judgment of the Appellate Court are reversed, and the cause is remanded to the circuit court, with directions to cause the account to be restated in conformity with the views herein expressed.

*Judgment reversed.*